UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SANTIAGO RAMIREZ<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; Director, San Diego Field Office, U.S. Immigration & Customs Enforcement, Enforcement & Removal Operations; TODD M. LYONS, Acting Director, U.S. Immigration & Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; and DAREN K. MARGOLIN, Director, Executive Office for Immigration Review,<br><br>                                    Respondents. | Case No.: 25-cv-3257-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING COUNT ONE OF THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; AND**<br><br>**(2) DENYING COUNT TWO OF THE PETITION AS MOOT.**<br><br>[ECF Nos. 1, 2] |

//
//
//
//

Before the Court is Petitioner Miguel Santiago Ramirez's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). Petitioner seeks habeas relief by asserting that Respondents' application of 8 U.S.C. § 1225(b)(2), not 8 U.S.C. § 1226(a), with respect to his detention violates the: (1) Immigration and Nationality Act ("INA"); and (2) the Fifth Amendment of the U.S. Constitution. For the reasons set forth below, the Court **GRANTS** Count One of the Petition and **DENIES AS MOOT** Count Two of the Petition.

## I.  BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection nearly a decade ago. Pet. ¶¶ 15, 42. Since then, Petitioner has built deep and longstanding ties to his community. *Id.* ¶¶ 42, 45. On September 9, 2025, ICE arrested Petitioner during a traffic stop in Dunkirk, New York. *Id.* ¶ 43. Following his arrest, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229(a) and was issued a Notice to Appear. Res. Ex. 1 at 10. Thereafter, Immigration and Customs Enforcement ("ICE") issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. *Id.* ¶ 46. Petitioner was subsequently transferred to the Otay Mesa Detention Facility, where he remains detained pursuant to 8 U.S.C. § 1225(b)(2). *Id.* ¶¶ 3, 43.

Since then, Petitioner sought a custody reconsideration hearing before an Immigration Judge ("IJ"). *Id.* ¶ 47. On October 3, 2025, an IJ denied Petitioner's request to be released on bond. Res. Ex. 1 at 15. Specifically, the IJ found that under BIA ("Board of Immigration Appeals") precedent in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the immigration court lacked jurisdiction to redetermine Petitioner's custody because he entered the country without inspection. *Id.* On October 30, 2025, Petitioner filed an appeal of the IJ's bond decision with the BIA. Res. Ex. 1 at 18-20.

In this action, Petitioner contends that he has been illegally detained by DHS and the Executive Office for Immigration Review ("EOIR"), which have adopted a new interpretation of the INA. Pet. ¶ 5. This interpretation treats all individuals who entered the

country without inspection as "applicants for admission," which subjects them to mandatory detention under 8 U.S.C. § ("Section") 1225(b)(2). *Id*. ¶ 3. Petitioner argues that he has lived in the United States for years, and therefore, Section 1225(b) does not apply to him. *Id.* ¶ 5. Further, that to the extent he remains in custody, his detention should proceed under Section 1226(a), which authorizes release on bond or conditional parole. *Id.* ¶ 6.

Accordingly, Petitioner seeks habeas relief from the Court because his continued detention, resulting from Respondents' application of Section 1225(b), violates the INA and the Due Process Clause of the Fifth Amendment.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Habeas corpus is "perhaps the most important writ known to the constitutional law ... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## III.  DISCUSSION

### A.  Jurisdiction and Applicability of Section 1225 vs. 1226

The Court finds that the Parties' arguments with respect to whether the Court has jurisdiction to hear this petition; and Petitioner's detention is governed by 8 U.S.C. §§ 1225(b)(2) or 1226(a), are analogous—if not identical—to those raised in the Court's recent decision in *Martinez Lopez v. Noem, et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning it stated in *Martinez Lopez* and incorporates it by reference. *Id*.

Based on the facts of this Petition, the Court finds that: (1) 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's habeas petition; and (2) 8 U.S.C. § 1226(a)—not 8 U.S.C. § 1225(b)—applies to Petitioner. Thus, Petitioner is entitled to an individualized bond hearing by an IJ, who may not deny bond on the basis that 8 U.S.C. § 1225(b) governs Petitioner's detention.

### B.  Procedural Due Process

The Court declines to decide the merits of Petitioner's due process claim given that the Court will grant the relief he seeks based on its conclusion that Section 1226(a) applies to him. If Respondents do not provide Petitioner with a bond redetermination hearing, pursuant to 8 U.S.C. § 1226(a), or release him within the time allotted, Petitioner may renew his Fifth Amendment Due Process claim.

### C.  *Maldonado Bautista* Bond Eligible Class

In the Traverse, Petitioner argues that he is entitled to a bond hearing because he clearly falls within the *Bautista* Bond Eligible Class, which was certified by the Central District of California that found that DHS's mandatory detention policy is unlawful. Trav. at 2-3; *Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Bautista v. Santacruz*, --- F.R.D. ----, 2025 WL 3289861, at *9 (C.D. Cal. Nov. 25, 2025) (defining the nationwide Bond Eligible Class as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not

be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.").

The parties are in dispute as to the legal effect of the *Bautista* decision. Respondents concede that Petitioner appears to be a *Bautista* class member. They also agree that the *Bautista* court granted class certification and partial summary judgment—solely to the plaintiffs in that case. Res. at 1. Respondents, however, contend that the *Bautista* Court did not issue a class-wide declaratory judgment. *Id*. And in the absence of such a judgment, regardless of whether Petitioner is a Bond Eligible Class member, he is not entitled to the same remedy as the *Bautista* plaintiffs. *Id*.

Petitioner argues that when that court certified the Bond Eligible Class, it extended the same declaratory relief—that it provided in its Motion for Summary Judgment Order—to the Bond Eligible Class as a whole. *Bautista*, 2025 WL 3289861, at *9. He argues further that this allows the Court to order Respondents to provide Petitioner a bond hearing governed by Section 1226(a), if it finds that he is a member of the Bond Eligible Class. Trav. at 2-3.

The Court need not decide whether Petitioner is a member of the Bond Eligible Class or the effect the *Bautista* decision has on Petitioner, for two reasons. First, the Court has already found that Petitioner is entitled to habeas relief under Count One. Thus, any such analysis would be unnecessary. Second, Petitioner initially raised this ground for relief in the Traverse. *See id.* This deprived Respondents of a meaningful opportunity to respond to this argument. The Court, therefore, finds that considering this ground in its analysis of the Petition to be inappropriate. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.") *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Accordingly, the Court exercises its judicial discretion and declines to do so.

//
//

## IV.   CONCLUSION

Based on the foregoing:

(1) The Court **GRANTS** Count One of the Petition;

(2) The Court **DENIES AS MOOT** Count Two of the Petition;

(3) The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing, under 8 U.S.C. § 1226(a), within ten (10) days of this Order, or otherwise release him from custody, under the same conditions that existed before his detention; and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten (10) days of providing Petitioner with a bond redetermination hearing.

**IT IS SO ORDERED.**

Dated: December 5, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge